UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOHN DOE**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**THE TRUSTEES OF COLUMBIA UNIVERSITY** d/b/a **COLUMBIA UNIVERSITY**,<br><br>Defendant. | No. 1:25-cv-05400 |

## PLAINTIFF'S MEMORANDUM IN SUPPORT HIS MOTION FOR PERMISSION TO PROCEED UNDER PSEUDONYM

Plaintiff John Doe, by and through counsel, respectfully moves the Court to proceed by pseudonym, stating as follows:

1. This case arises from the non-consensual intrusion into, and disclosure of, Plaintiff's personal and private matters, namely his personally identifying information ("PII"). As a result, this litigation involves the disclosure of Plaintiff's name and Social Security number.

2. Plaintiff is currently a student at Columbia University and has reasonable fears of jeopardizing his education if his actual name were to be disclosed at this stage.

3. Additionally, due to the sensitive nature of his PII, Plaintiff requests permission to proceed under a pseudonym to protect his identity and his sensitive information from further public disclosure.

4. Plaintiff also moves the Court to order Defendant to maintain the confidentiality of his identity by using only pseudonyms in all of its filings, including exhibits in which his name appears.

1

5. Fed. R. Civ. P. 26(c)(1) specifically authorizes the Court "for good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon Plaintiff's motion.

6. The Second Circuit has recognized that the use of a pseudonym is appropriate in circumstances where the reasons for anonymity outweigh the public's right of access to judicial proceedings and any prejudice to a defendant. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).

7. The Second Circuit has "note[d] with approval" a list of ten non-exhaustive factors that should be considered in determining whether to permit a plaintiff to proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously or even more critically, to innocent nonparties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* (internal quotation marks, citations, brackets, and ellipses removed).

8. Although the ten *Sealed Plaintiff* factors are highly instructive, the Second Circuit

emphasized that courts are not required to consider any or all of them, nor must they use any particular approach, so long as they balance the relevant interests at stake when reaching a conclusion. *Id.* at 191 n.4.

9. Here, Plaintiff's interests in proceeding pseudonymously at this stage are strong, while the public interest in immediate disclosure of his name is weak, and Defendants suffer no prejudice by not learning Plaintiff's actual name at this stage in litigation.

10. First, as aforementioned, this case involves the unauthorized disclosure of Plaintiff's highly sensitive PII, which he disclosed in confidence to Defendant, in exchange for educational services. Because this case involves Plaintiff's highly sensitive PII, disclosure of his identity to the public would only revictimize Plaintiff, who has already alleged suffering mental harm and emotional distress as a result of Defendant's exposure of Plaintiff's PII to unauthorized third parties. By allowing Plaintiff to proceed pseudonymously, Plaintiff seeks to limit his damages further, by limiting, to the extent possible, the necessity of his name on public dockets and filings.

11. Plaintiff has a strong interest in proceeding pseudonymously given his reasonable fear of retaliation and jeopardizing his education, a significant harm. *E.g., Doe v. New York Univ.*, 537 F. Supp. 3d 483, 497 (S.D.N.Y. 2021) (granting anonymity where the relatively young plaintiff submitted a declaration representing that disclosure of her identity "could impede her progress" with respect to her "stated career goals").

12. In this nascent stage of litigation, permitting Plaintiff to proceed under a pseudonym will not cause any prejudice to Defendant. *Does 1-2 v. Hochul*, No. 21CV5067AMDTAM, 2022 WL 836990, at *10 (E.D.N.Y. Mar. 18, 2022) (noting that the public's interest in the plaintiffs' identity was weak given that the case was in the "pre-answer

phase" and thus raised "an abstract question of law") (cleaned up).

13. Notably, Courts in this District have routinely granted initial leave to file a complaint anonymously or pseudonymously while reserving the right to order disclosure of a Plaintiff's identity at a later stage of litigation, suggesting that the standard for making the requisite showing is lower at the pleadings stage than later in the course of litigation. *See, e.g., cf. Doe v. City of New York*, 2016 U.S. Dist. LEXIS 16344, *12-13 (S.D.N.Y. Feb. 4, 2016) ("Plaintiff's motion to proceed anonymously is GRANTED at this time and the Court authorizes Plaintiff to file the proposed Amended Complaint. However, Defendants may move to revisit the issue of Plaintiff's anonymity before the case proceeds to trial.").

14. There is no public interest in the disclosure of the Plaintiff's identity. Plaintiff has no ulterior motives and does not seek to seal the case, nor does he desire the facts to be shielded from the public eye – Plaintiff merely seeks to prevent the disclosure of his actual name as part of a public record in a case that involves his private information. *Doe v. Smith*, 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999) (finding public would not be prejudiced where plaintiffs were allowed to proceed anonymously because it would otherwise have access to trial and results of the case).

15. Proceeding pseudonymously is the surest way to protect Plaintiff under the circumstances and there is no "alternative mechanism for protecting the confidentiality of the plaintiff." 537 F.3d at 190; *Doe v. Hochul*, No. 21-CV-5067 (AMD) (TAM), 2022 U.S. Dist. LEXIS 49960, at *26 (E.D.N.Y. Mar. 18, 2022) (finding no alternative given that, "once the cat's out of the bag, it's out of the bag") (cleaned up).

16. The above privacy interests in protecting Plaintiff's identity from being publicly released, including the highly personal information implicated by this action and the desire to prevent his private information from being further publicized, override the right of public access.

Plaintiff therefore seeks an order requesting permission to proceed under a pseudonym to protect his identity from public disclosure.

17. Plaintiff also moves the Court to order Defendant to maintain the confidentiality of his identity by using only pseudonyms in all of its filings, including all exhibits in which his name appears.

Dated: July 1, 2025

      Respectfully submitted,

      */s/ Linda H. Joseph*
      Linda H. Joseph, Esq.
      **SCHRÖDER JOSEPH & ASSOCIATES, LLP**
      394 Franklin Street; Second Floor
      Buffalo, New York 14202
      Telephone: (716) 881-4902
      Facsimile: (716) 881-4909
      Email: ljoseph@sjalegal.com

      */s/Raina C. Borrelli*
      Raina Borelli (*Pro Hac Vice* forthcoming)
      **STRAUSS BORRELLI PLLC**
      980 N. Michigan Avenue, Suite 1610
      Chicago, Illinois 60611
      (872) 263-1100
      (872) 263-1109 (facsimile)
      raina@straussborrelli.com

      *Attorneys for Plaintiff and Proposed Class*